# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CHARLES SANDERS,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Respondent. | Case No.: 3:25-cv-0172-BTM-BLM<br><br>**ORDER: (1) GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION [ECF No. 8] AND**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

## I.    INTRODUCTION

Petitioner Stephen Charles Sanders ("Sanders" or "Petitioner") is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Before the Court is Respondent's Motion to Dismiss the Petition. ECF No. 8. The Court has reviewed the Petition, Respondent's Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion (ECF Nos. 8, 8-1), the lodgments (ECF No. 9, *et seq*.), Petitioner's Opposition (ECF No. 12), and all the supporting documents submitted by both parties. For the reasons discussed below, the Court GRANTS Respondent's motion, DISMISSES the Petition and DENIES a certificate of appealability.

## II. BACKGROUND

**A.  2013 Convictions and Appeals**

In 2013, Petitioner pleaded guilty in San Diego County Superior Court to several counts stemming from five separate criminal cases, as follows:

(1) Case No. SCD235740 ("Case A"): two counts of kidnapping (Cal. Penal Code § 207) with gang enhancements (Cal. Penal Code § 186.22(b)(1));

(2) Case No. SCD 222861 ("Case B"): one count of robbery with personal use of a knife (Cal. Penal Code § 211) and one count of assault with a deadly weapon (Cal. Penal Code § 245(a)(2));

(3) Case No. SCD239270 ("Case C"): two counts of solicitation of murder (Cal. Penal Code § 653f(b)), one count of solicitation of robbery (Cal. Penal Code § 653f(a)), solicitation of burglary (Cal. Penal Code § 653f(a)), and one count of solicitation of a narcotic offense (Cal. Penal Code § 653f(d));

(4) Case No SCD216604 ("Case D"): four counts of assault with a deadly weapon and by means of force likely to produce great bodily injury (Cal. Penal Code § 245(a)(1)); and

(5) Case No. SCD 204952 ("Case E"): one count of possession of an illegal weapon (Cal. Penal Code § 12020(a)(1)).

*See* ECF No. 1-2 at 33.[1] As part of the plea agreement, Sanders was given a stipulated sentence of 25 years in prison. *See* ECF 1-2 at 79.

Petitioner appealed his convictions separately to the California Court of Appeal. On March 24, 2015, the appellate court affirmed the convictions in all five cases. *See* ECF Nos. 9-1–9-5. Sanders did not file a petition for review in the California Supreme Court.

**B.  2018 Resentencing**

On March 23, 2018, the California Department of Corrections and Rehabilitation ("CDCR") sent a letter to the San Diego County Superior Court, notifying it of two possible

---

[1] Page numbers for the Petition, Exhibits, Answer, Memorandum of Points and Authorities in Support of the Answer, and Opposition cited in this Order refer to those imprinted by the court's electronic case filing system.

errors pertaining to Petitioner's sentence and seeking clarification. ECF No. 1-2 at 14. The superior court judge thereafter appointed Sanders's former counsel, Jeff Carver, to represent Sanders on resentencing. On May 11, 2018, a hearing was held and the trial court amended Sanders's sentence, striking one of the gang enhancements in Case A and the assault with a deadly weapon count in Case B. ECF No. 1-2 at 34–37. Petitioner's aggregate prison sentence, however, remained 25 years. *Id*. Sanders states he was not present for the resentencing and did not learn of it until some 66 days after it occurred. ECF No. 12 at 6.

On September 7, 2018, Sanders, now represented by Marc Kohnen, filed a request with the superior court to recall the resentencing pursuant to California Penal Code § 1170(d). *See* ECF No. 1-2 at 6–9. Counsel argued Sanders was not notified of the resentencing hearing until after it took place and was thus denied an opportunity to be present and hire counsel of his choice to represent him at the hearing. *Id.* On September 14, 2018, the court denied the request as untimely. *Id.* at 16–17. Sanders did not appeal.

Over four years later, on December 29, 2022, Saunders filed a petition for writ of habeas corpus in the San Diego County Superior Court. ECF No. 9-6. In it, he challenged the constitutionality of his resentencing. *See id.* The court denied the petition on June 29, 2023. ECF No. 9-7. Sanders then filed a habeas petition with the California Court of Appeal (ECF No. 9-8), which was denied on March 6, 2024. ECF No. 9-9. On March 19, 2024, Sanders filed a petition for habeas corpus with the California Supreme Court. ECF No. 9-10. The petition was denied on April 24, 2024. ECF No. 9-11.

C.  **Federal Court Proceedings**

On January 24, 2025, Sanders filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising three claims: (1) he was denied the right to be present at the 2018 resentencing hearing, in violation of the Sixth Amendment and Due Process, (2) he was denied his Sixth Amendment right to counsel of his choosing for the 2018 resentencing and (3) his sentence is "unauthorized" and cannot be legally imposed. *See generally*, ECF No. 1. On April 30, 2025, Respondent filed a Motion to Dismiss the Petition. ECF No. 8. Sanders filed his Opposition on June 23, 2025. ECF No. 12.

## III.   DISCUSSION

Respondent argues the Petition must be dismissed because it is barred by the statute of limitations. *See* ECF No. 8-1.

### A.   Legal Standards

#### 1.   *Statute of Limitations*

Sanders's Petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA's statute of limitations for habeas petitions "contain[s] multiple provisions relating to the events that trigger its running." *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc) (quoting *Holland v. Florida*, 560 U.S. 631, 647 (2010)). Specifically, the limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

#### 2.   *Statutory Tolling*

Under AEDPA, the statute of limitations is tolled, or paused, during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The statute of limitations is not

tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has expired (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

### 3. *Equitable Tolling*

A court may equitably toll the statute of limitations if petitioner demonstrates: (1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, (2) that notwithstanding such an impediment he was diligently pursuing relief. *See Holland*, 560 U.S. at 649. The Supreme Court has further clarified that the diligence required to establish an entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" *Id.* at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (cleaned up). Additionally, a petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015) (citing *Gibbs v. Legrand*, 767 F.3d 879, 891–92 (9th Cir. 2014)).

## B. Discussion

### 1. *Commencement of Limitation Period*

The Court first must determine when the limitation period began to run. Respondent

1  contends the limitation period started when the May 11, 2018 resentencing and amended
2  judgment became final. *See* ECF No. 8-1 at 4. As noted above, Sanders's original judgment
3  came after he pleaded guilty in 2013 and was sentenced to 25 years in prison. ECF No. 1-
4  2 at 33. Petitioner's 2018 resentencing, however, constitutes an intervening judgment. *See*
5  *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (stating that "when a defendant is
6  resentenced, he has received a new judgment"). Because the "judgment from which the
7  AEDPA statute of limitations runs is the one pursuant to which a prisoner is incarcerated,"
8  Petitioner's May 11, 2018 resentencing is the relevant starting point. *See id.* Sanders did
9  not appeal the resentencing. Therefore, under California law, the judgment became "final"
10 60 days later, on July 10, 2018. *See* 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.308(a) (stating
11 a defendant has 60 days after entry of judgment to file a notice of appeal).

12     While Sanders filed a request to recall the resentencing pursuant to Cal. Penal Code
13 § 1170(d) on September 7, 2018, the superior court denied the request as untimely. *See*
14 ECF No. 1-2 at 17. Thus, it does not change the date of finality because the "time for
15 seeking such review" had expired. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *see*
16 *also People v. Loper*, 60 Cal. 4th 1155, 1165–66 (Cal. 2015) (stating that when a superior
17 court denies a petition for recall of sentence under § 1170(d) as untimely, the decision was
18 not appealable). Therefore, the date Sanders's resentencing became final remains July 10,
19 2018.

20     This, however, is not the end of the analysis because, as noted above, the limitation
21 period begins on the *latest* of the possible triggers set forth in 28 U.S.C. § 2244(d)(1).
22 Under § 2244(d)(1)(D), the limitation period begins when a petitioner knows, or through
23 the exercise of due diligence could discover, the factual predicate of his claims. *See Redd*
24 *v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003). Here, Petitioner's federal habeas claims
25 are based on his assertion that he was *not aware* of the May 11, 2018 resentencing until
26 after it took place and as such, he was denied proper notice, an opportunity to be present,
27 and an opportunity to seek representation by counsel of his choice. *See* ECF No. 1 at 22–
28 24. Specifically, Sanders states he learned of the resentencing on July 16, 2018, 66 days

1  after it took place. *See* ECF No. 12 at 6.

2      Respondent fails to address this argument beyond a conclusory assertion that "the factual predicate for [Sanders's] current claims was known by the time the judgment became final."[2] ECF No. 8-1 at 5. But the Court finds Petitioner's assertion to the contrary is supported by a declaration from attorney Marc Kohnen, who attests that Sanders contacted him in June of 2018, after learning of the CDCR's letter to the trial court regarding potential sentencing errors. ECF No. 1-2 at 2–4. Not long after this, Kohnen contacted the superior court clerk about the matter and was "extremely surprised" to learn that the resentencing had already taken place. *Id.* at 3. Kohnen does not specify the date he learned of the resentencing, but he notes it was after the 60-day window for filing an appeal had lapsed. *Id.* This is consistent with Sanders's assertion he became aware of the factual predicate for his claims 66 days after the May 11, 2018 resentencing. As such, the Court finds Sanders became aware of the factual predicate for his claims on July 16, 2018. And because this date falls after the judgment became final on July 10, 2018, the limitation period began on July 16, 2018. *See Mardesich v. Cate*, 668 F.3d 1164, 1169 (9th Cir. 2012) (stating "the limitation period shall run from the latest of" the triggering dates set forth in § 2244(d)(1)).

    Sanders, however, argues that July 16, 2018 is not the trigger date for the limitation period because by the time he learned of the resentencing, the time to appeal it had expired. ECF No. 12 at 6. He appears to suggest this constituted an "unconstitutional state-created impediment" under 28 U.S.C. § 2244(d)(1)(C). But he did not lack a state judicial remedy. As discussed above, on September 7, 2019, attorney Kohnen filed a letter with the superior court requesting the resentencing be recalled pursuant to California Penal Code § 1170(d). ECF No. 1-2 at 6–9. On September 14, 2018, the trial judge denied the request as untimely.

---

[2] Respondent does not dispute Sanders's allegation that he was neither notified of, nor present for, the May 11, 2018 resentencing hearing. Nor does Respondent dispute Petitioner's allegation that his former defense counsel, Carver, was appointed without his knowledge and despite having explicitly withdrawn as Petitioner's attorney on March 20, 2015. *See* ECF No. 1-2 at 11–12.

*Id.* at 16–17. But in doing so, the judge also noted Sanders could seek other relief, stating:

> The court makes no comment on the viability of, and this order shall not preclude, any claims defendant may have via motion or writ regarding a deprivation of rights at the May 11, hearing.

*Id.* at 17. Yet Petitioner filed nothing further until Decmember 29, 2022, when Sanders, now represented by attorney Brett Greenfield, filed a petition for writ of habeas corpus with the superior court, challenging his resentencing. *See* ECF No. 9-6. As such, the Court finds there was no impediment to Sanders seeking relief in state court after he learned of his resentencing, nor was there an "unconstitutional state-created impediment" to filing a habeas petition in federal court. *See* 28 U.S.C. § 2244(d)(1)(C); *see also e.g., Shannon v. Newland*, 410 F.3d 1083, 1087–88 (9th Cir. 2005) (finding petitioner failed to show an "impediment" to filing a federal habeas petition pursuant to § 2244(d)(1)(B) because notwithstanding the state court's decision, the petitioner was "free to file such [a federal habeas] petition at any time"); *Salahuddin v. Ryan*, 2019 WL 1518173, at *2 (D. Ariz. 2019) (stating an adverse decision by the state court did not create an impediment to the petitioner filing a challenge in federal court).

Based on the above, the Court finds the latest trigger date for the statute of limitations under 28 U.S.C. § 2244(d)(1) is July 16, 2018. Therefore, absent tolling, Sanders's federal petition was due by July 16, 2019.

### 2. Statutory Tolling

As noted above, AEDPA's one-year limitations period may be tolled for the time a properly filed state petition for collateral relief is pending. *See* 28 U.S.C. § 2244(d)(2). But to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed before, not after, the expiration of the one-year limitations period. *Jiminez*, 276 F.3d at 482; *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (concluding state habeas petition filed a month-and-a-half after limitations period expired did not warrant statutory tolling). As discussed above, the statutory clock began ticking on July 16, 2018. Thus, because

Petitioner's December 29, 2022 state petition was filed over three years after the limitation period expired on July 16, 2019, he is not entitled to statutory tolling.

### 3.  *Equitable Tolling*

Sanders argues he is entitled to equitable tolling because (1) he is "not well educated" and is representing himself; (2) he did not have sufficient access to the law library because he did not have an "active" case and because his prison job assignment in 2018 and 2019 conflicted with library hours and (3) he was subject to COVID lockdowns starting in March of 2020. *See generally*, ECF No. 12. Petitioner has the burden to show his untimeliness was caused by "extraordinary circumstances" and not by his own lack of diligence. *See Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

First, that Sanders is a layman, representing himself, is not an "extraordinary circumstance" warranting equitable tolling. *Robinson v. Marshall*, 405 Fed. App'x 241, 242 (9th Cir. 2010) (stating "pro se status is not, by itself, an extraordinary circumstance warranting equitable tolling"); *see also Bartholomew v. Carey*, 308 Fed. App'x 57, 58 (9th Cir. 2009).

Furthermore, "a prison work assignment is also not an extraordinary circumstance that entitles a prisoner to equitable tolling." *Malo v. Tampkins*, 2014 WL 2573313, at *5 (S.D. Cal. 2014); *see also Chavez v. California*, 2013 WL 5651523, at *1 (C.D. Cal. 2013) (holding that an assigned prison job did not constitute extraordinary circumstances). And generally, limited access to the law library does not constitute extraordinary circumstances as it is a standard limitation applicable to most, if not all, inmates.[3] *See Norwood v. Lockyer*, 390 Fed. App'x 762, 763 (9th Cir. 2010) (finding that "limited law library access, being moved to different cells, [and] temporary lockdowns" are not "out of the ordinary for prison life [. . .] that would have made it 'impossible' to file on time" and thus not a basis for equitable tolling); *Hill v. Giurbino*, 2007 WL 2781174, at *9 (S.D. Cal. 2007) (denying

---

[3] Sanders admits he was permitted to use the law library "periodically" and was able to do "80 hours of criminal law research" in the last three months of 2018 and all of 2019. ECF No. 1 at 38.

equitable tolling where prisoner argued "limited access to the law library and lack of access to law books and internet databases for conducting research"); *Roberts v. Allison*, 2022 WL 4280657, at *9 (S.D. Cal. 2022) (citing *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on [petitioner's] access to the law library and copier[,] quite unlike the denial altogether of access to his personal legal papers[,] were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner).

Finally, Sanders is not entitled to equitable tolling based on COVID lockdowns. By the time the first lockdowns began in March of 2020, Sanders's limitation period had already been expired for over seven months and as such there was nothing left to toll. *See Hernandez v. Allison*, 2011 WL 6963157, at *4 (C.D. Cal. 2011) (recommending denying equitable tolling because the petitioner's alleged extraordinary circumstances arose after the limitations period had already expired), Report and Recommendation adopted by 2012 WL 37498 (C.D. Cal. 2012). Moreover, lockdowns during the COVID pandemic alone are insufficient to amount to "extraordinary circumstances" for equitable tolling purposes. *See Brown v. Holbrook*, No. 21-35605, 2023 WL 2445685, at *2 (9th Cir. 2023) (unpublished) (concluding that the COVID pandemic was not an "extraordinary circumstance" entitling the petitioner to equitable tolling when the petitioner "fail[ed] to explain how the pandemic generally had an 'extraordinary' influence in his particular situation"); *Valles v. Allison*, 2022 WL 3327386, at *4–5 (S.D. Cal. 2022); *Cervantes v. Cisneros*, 2022 WL 4082488, at *5 (C.D. Cal. 2022). Therefore, Petitioner is not entitled to equitable tolling.

C. **Conclusion**

In sum, the Court finds the statute of limitations was triggered when Sanders learned of his resentencing on July 16, 2018. *See* 28 U.S.C. § 2244(d)(1)(D). And because no statutory or equitable tolling applies, Sanders had until July 16, 2019 to file his federal petition. Accordingly, the Petition, filed on January 24, 2025, is untimely by over five years.[4] Respondent's Motion to Dismiss is therefore GRANTED.

---

[4] Even if the Court were to assume the statute of limitations began to run after the September 14,

## IV. CERTIFICATE OF APPEALABILITY

A district court must "issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (2020). A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold, "a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Harris v. Kernan*, 2019 WL 527426, at *1 (S.D. Cal. 2019) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

As a dismissal with prejudice constitutes a "final order adverse to the applicant," the Court must consider whether to grant petitioner a certificate of appealability. Because Sanders filed his federal habeas petition over five years late and no tolling applies, the Court concludes that no "reasonable jurists could debate whether the petition should have been resolved in a different manner." *See Harris*, 2019 WL 527426, at *1. Thus, the Court declines to issue a certificate of appealability.

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** Respondent's Motion (ECF No. 8), **DISMISSES** the petition for writ of habeas corpus with prejudice, and **DENIES** a certificate of appealability. The Clerk shall enter a final judgment accordingly.

**IT IS SO ORDERED.**

Dated: October 20, 2025

Honorable Barry Ted Moskowitz
United States District Judge

---

2018 denial of Petitioner's request to recall the resentencing, the result would be the same because Sanders's federal petition would have been due by September 15, 2019.